THE STATE v. JOE AVERY.

*Burning Cotton—Malicious Injury to Personal Property.*

One who burnt cotton, secured in a railroad car, cannot be convicted under the statute making it a misdemeanor to burn or destroy any other person's cotton, etc., in a stack, hill or pen, or *secured in some other way out of doors.* *It seems* that he would be guilty of malicious injury to personal property.

INDICTMENT, tried before *Bynum, J.,* at Fall Term, 1891, of BURKE Superior Court.

The indictment charges that the defendant at, etc., "wilfully and unlawfully did burn and destroy twenty bales of cotton, the property of the Dunevant Cotton Manufacturing Company, which said cotton being then and there secured on a car, the property of the Richmond and Danville Railroad Company, against the form of the statute," etc. The defendant pleaded not guilty. On the trial it was in evidence that the defendant and two other small boys were playing in a box-car loaded with cotton, standing on the railroad at the depot at Morganton; that the defendant lighted a candle and fastened it in the floor and near the cotton, when one of the boys was about to put it out, and he prevented him, saying he would watch it. The cotton was soon on fire and it and the car were burned and destroyed. There was also evidence of threats made by the defendant that he would get even with the railroad company if he had to burn the depot, for cutting off his leg, etc.

The defendant requested the Court to instruct the jury "that unless the cotton was out of doors, the defendant cannot be convicted, and the cotton not being out of doors he cannot be convicted."

There was a verdict of guilty, and the defendant moved in arrest of judgment upon the ground that it appears by

the indictment that the cotton charged to have been burned
was cotton in bales secured in a car, and the statute alleged
to have been violated has no application; that it applies only
to cases where cotton and other things therein specified
burned or destroyed, are "out of doors;" that is, in the field,
etc. The Court denied the motion and entered judgment
against the defendant, and he excepted and appealed.

*The Attorney General,* for the State.
*Mr. John Devereux, Jr.,* for defendant.

MERRIMON, C. J.—after stating the facts: The statute (*The
Code,* § 985, p. 5) as amended by the subsequent statute (Act
1885, ch. 42) provides that "any person who shall wilfully
burn or destroy any other person's corn, cotton, wheat, barley,
rye, oats, buckwheat, rice, tobacco, hay, straw, fodder, shucks
or other provender in a stack, hill or pen, or secured in any
other way, *out of doors,* grass or sedge standing on the land,
shall be guilty of a misdemeanor," etc. In our judgment,
this statute plainly refers to and embraces only cotton and
the other things specified therein, not within doors—not·
housed and thus secured, as in a barn, gin-house or the
like. It refers to cotton and the other things secured in any
other way "out of doors" in the field—"on the land"—the
farm where they were produced, or some other land, so as in
some way secured without doors—without the barn, gin-
house or other like enclosure. The words "in a stack, hill
or pen," "out of doors," "the grass or sedge standing on the
land," applied to the several things specified in their con-
nection, are apt and appropriate to refer to and imply such
things so situate and secured "out of doors." The purpose
is to protect such things so exposed and imperfectly secured
"out of doors" in the fields, on the farm "the land" of the
person who owns or has control of them. In any reason-

able view of their meaning, application and connection, they cannot refer to and embrace cotton stored in a railroad car standing on a railroad track at a depot, whether to be thus and there secured temporarily or shipped to some other place. Cotton and the other things specified secured in a car on the railroad are not secured in some other way out of doors on the land, in the sense of the statute. When thus secured on the car they have been taken from the place— the land—where they were secured "out of doors" and are on the way to market to be used, or on the way to be again housed or secured in a stack, hill or pen, or in some other way "out of doors." The burning or destruction of such things on a car does not come within the mischief to be remedied by the statute—the burning or destruction of them when they are ordinarily secured out of doors.

The indictment should appropriately in the proper connections charge that the cotton or other thing burned or destroyed was in a stack, or as otherwise in a way described secured "out of doors" In this case it fails as to matter of substance to charge the offence defined by the statute. It does not charge, in substance or effect, that the cotton in some way described was secured "out of doors"—it simply charges the burning on the railroad in a railroad car. For the reasons stated this is not sufficient.

It seems that the Legislature supposed and intended that the statute (*The Code*, § 985, pp. 6, 7), in respect to burning barns, gin-houses and other buildings, would be sufficient to protect grain, cotton and the like stored in them in doors on the land. This appears to be a case in which the defendant might appropriately have been indicted for malicious injury to personal property as defined by the statute (*The Code*, § 1082), but in no view of the present indictment will it suffice to charge that offence.

CLARK, J. (dissenting):. The statute (*The Code*, § 985, ¶ 5) makes it indictable to wilfully burn or destroy any of the articles therein named when "in a stack, hill or pen, or *secured in any other way* out of doors." The expression " out of doors" means simply " not in a house." If in a house, then these articles are protected by paragraphs 6 and 7 of this section in regard to burning barns, gin-houses and other buildings. This subsection 5 was intended to protect them when not so housed, but "in a stack, hill or pen, *or otherwise secured.*" The article here, cotton, is one of those enumerated. It was " out of doors," that is, not in a house. Though not in a hill, stack or pen, it was " otherwise secured," and is properly charged in the indictment as " then and there secured in a car, the property of the Richmond and Danville Railroad Company." It seems conceded; in the opinion of the Court, that property of the description named is not protected against burning when off the premises where grown, except in those cases where an indictment would lie for injury to personal property. *The Code*, § 1082. If this is so, the defendant who has been found guilty of the " wilful and unlawful" burning of twenty bales of cotton secured out of doors has been guilty of no offence, because the cotton was in transit and off the farm where grown, and he and others would be at full liberty to " wilfully and unlawfully burn or destroy " the vast amount of farm produce daily in transit on railroads and other conveyances, or camped out at night in the country wagons, covered and uncovered, which bring such a large part of the farm produce mentioned in this subsection to market. I do not think so broad a " *casus omissus* " was left by the law-making power. There are no words in the statute restricting its application to the burning and destruction if done on the farm, and the Courts are not called on, by a fair and reasonable interpretation of the statute, to leave farm produce "secured out of doors " unprotected if it is being moved from the place of its production, for section

109 — 51

1082, *supra,* does not make any burning or destruction indictable if done merely "wilfully and unlawfully." The words "on the land" are not in the original section, and in the amendment to it they only refer to "grass or sedge" standing "on the land."

*Per curiam.*                                                    Error.